YOUNG & THOMPSON
Jeffrey M. Goehring, 233002
jgoehring@young-thompson.com
Douglas V. Rigler
drigler@young-thompson.com
Jeffrey R. Snay
jsnay@young-thompson.com
209 Madison Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 521-2297
Facsimile: (703) 685-0573

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT CALIFORNIA

MAUNA KEA TECHNOLOGIES,

      Plaintiff,

v.

ANTICANCER, INC.

      Defendant.

Civil Action No. **'11CV1407 AJB JMA**

DEMAND FOR JURY TRIAL

**COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY**

  Plaintiff Mauna Kea Technologies ("Mauna Kea") for its Complaint against defendant Anticancer, Inc. ("AntiCancer") alleges as follows:

**THE PARTIES**

1. Plaintiff Mauna Kea Technologies is a corporation organized and existing under the laws of France with its principal place of business at 9 rue d'Enghien, 75010 Paris, France.

2. Defendant AntiCancer, Inc. is a California State corporation with its principal place of business at 7917 Ostrow St., San Diego, CA 92111.

**NATURE OF THE ACTION**

3. This is a declaratory judgment action seeking a determination that Mauna Kea does not infringe any claim of U.S. Patent Nos. 6,232,523; 6,235,967; 6,235,968; 6,251,384; 6,649,159; 6,759,038; and 6,905,831 ("Patents-In-Suit").

4. This is a declaratory judgment action seeking a determination that one or more of the claims of the Patents-In-Suit is invalid.

5. Upon information and belief, AntiCancer is the owner by assignment of each of the Patents-in-Suit.

## JURISDICTION AND VENUE

6. This is a complaint for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

7. Mauna Kea seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

8. This Court has subject matter jurisdiction under 35 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b) and (c).

10. This Court has personal jurisdiction over AntiCancer because AntiCancer has its principal place of business located within this district.

## THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES

11. AntiCancer has created an actual case or controversy through repeated assertions that Mauna Kea must obtain a license under at least six patents identified by AntiCancer as well as other unidentified AntiCancer patents.

12. Commencing in January 2006, AntiCancer, through its president, Robert Hoffman, asserted in a letter to Mauna Kea that it was necessary for Mauna Kea to have a license from AntiCancer in order to sell Mauna Kea's CellVizio imaging device. AntiCancer's letter asserted the following U.S. Patents: No. 6,232,523; No. 6,235,968; No. 6,251,384; No. 6,649,159; No. 6,759,038; No. 6,905,831; European Patent 0437488; as well as unidentified "pending world-wide patents." AntiCancer further asserted that the patents are directed in unlimited scope and breadth to "all other applications of In Vivo imaging with fluorescent proteins." Although U.S. patent No. 6,235,967 was not specifically asserted in the January 2006 letter, it is part of the same family of patents as the others and covers the same general technology.

13. In response to a request by U.S. counsel for Mauna Kea for specificity with regard to the demand that Mauna Kea take a license, Dr. Hoffman wrote directly to the President of Mauna Kea on March 22, 2006, without copying Mauna Kea's U.S. counsel, reiterating AntiCancer's assertion that the specified patents and unidentified world-wide patent applications required Mauna Kea to take a license from AntiCancer.

14. Dr. Hoffman's letter of March 22, 2006 refused Mauna Kea's request for greater specificity but stated that the patents identified in his earlier letter of January 2006 "clearly cover the Cell-Vizio product and its applications."

15. On November 22, 2010, Mauna Kea's U.S. counsel received a letter from Dan Lawton, an attorney who introduced himself as AntiCancer's legal representative. In his letter, Mr. Lawton demanded answers to a set of ten questions in the nature of interrogatories or requests for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure. Although the letter stated that it was not the purpose of the letter to accuse Mauna Kea of any infringement of any patent, the letter set a deadline of December 3, 2010, for a "substantive" reply. Mr. Lawton's law firm has filed at least three actions in this Court accusing other companies of infringing the same patents which AntiCancer is asserting against Mauna Kea.

16. On December 6, 2010, Mauna Kea filed an action for declaratory judgment against AntiCancer in the U.S. District Court for the Eastern District of Pennsylvania (the "Pennsylvania Action"). The Pennsylvania Action sought substantially the same relief as sought in this action. Personal jurisdiction was based on AntiCancer's partnership, licensing, and publishing activity in Pennsylvania, as well as AntiCancer's patent enforcement activity directed toward Mauna Kea Technologies, Inc., the U.S. subsidiary of plaintiff Mauna Kea Technologies and a corporation with its principal place of business in Pennsylvania.

17. AntiCancer moved to dismiss the Pennsylvania Action for lack of subject matter jurisdiction. AntiCancer did not move to transfer the Pennsylvania Action to this Court or any other court.

18. The Pennsylvania Action was dismissed for lack of personal jurisdiction on May 5, 2011.

# COUNT I

# (DECLARATORY JUDGMENT OF UNENFORCEABILITY

# DUE TO LACHES AND ESTOPPEL)

19. Mauna Kea realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as fully set forth herein.

20. AntiCancer's delay in asserting its patents after its 2006 accusations of infringement is unreasonable and unexcused and has misled Mauna Kea to reasonably believe that AntiCancer does not intend to assert its patents against Mauna Kea.

21. AntiCancer's failure to assert its patents after its letter of November 22, 2010, and its failure to assert its patents in response to Mauna Kea's Pennsylvania Action, constitutes unreasonable and unexcused delay and has misled Mauna Kea to reasonably believe that AntiCancer does not intend to assert its patents against Mauna Kea.

22. Mauna Kea has detrimentally relied on AntiCancer's delay, failure to respond to Mauna Kea's requests, and failure to assert its patents in the Pennsylvania Action.

23. AntiCancer's actions in 2006 and its delay and failure to act since that time have been economically and evidentially prejudicial to Mauna Kea because they cause Mauna Kea to operate in an atmosphere of business uncertainty.

24. AntiCancer is barred in whole or in part from asserting the Patents-In-Suit, or otherwise obtaining damages for any alleged infringement of the Patents-In-Suit, under the doctrine of laches and/or estoppel.

25. As a result of the acts described in the foregoing paragraphs, a substantial controversy exists of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26. A judicial declaration is necessary and appropriate so that Mauna Kea may ascertain its rights regarding AntiCancer's ability to enforce the Patents-In-Suit or otherwise recover or obtain relief for any alleged infringement of the Patents-In-Suit.

## COUNT II

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

27. Mauna Kea realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as fully set forth herein.

28. Mauna Kea has not directly infringed, induced infringement, or contributed to infringement of any claim of the Patents-In-Suit either directly or under the doctrine of equivalents.

29. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30. A judicial declaration is necessary and appropriate so that Mauna Kea may ascertain its rights regarding patent Nos. 6,232,523; 6,235,967; 6,235,968; 6,251,384; 6,649,159; 6,759,038; and 6,905,831.

31. Mauna Kea is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of patent Nos. 6,232,523; 6,235,967; 6,235,968; 6,251,384; 6,649,159; 6,759,038; 6,905,831.

## COUNT III

### (DECLARATORY JUDGEMNT OF INVALDITITY)

32. Mauna Kea realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as fully set forth herein.

33. One or more claim of the Patents-In-Suit is invalid for failing to comply with the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto, including without limitation at least U.S. Patent Nos. 6,251,384; 6,649,159; and 6759,038.

34. Mauna Kea is entitled to a declaratory judgment that one or more of the claims in the Patents-In-Suit are invalid.

## RELIEF REQUESTED

WHEREFORE, plaintiff Mauna Kea Technologies requests this Court to enter judgment against defendant AntiCancer, Inc. and any parent corporation, subsidiary, affiliate, agent, employees, and all persons in active concert or participation with AntiCancer and to grant the following relief:

a) A declaration that Mauna Kea has not infringed, either directly or indirectly, any claim of the Patents-In-Suit, either literally or under the doctrine of equivalents;

b) A declaration that the claims of the Patents-In-Suit are invalid;

c) A declaration that any past damages claimed by AntiCancer are barred by the doctrine of laches.

d) A declaration that enforcement of the Patents-In-Suit, and all relief or recovery sought by AntiCancer regarding the Patents-In-Suit, are barred by the doctrine of estoppel;

e) An award of Mauna Kea's fees and costs, including attorney's fees, pursuant to 35 U.S.C. § 285; and

f) Such other relief as may be just and equitable.

June 27, 2011

YOUNG & THOMPSON

By: /s/ Jeffrey M. Goehring
Jeffrey M. Goehring, 233002

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MAUNA KEA TECHNOLOGIES

**DEFENDANTS**
ANTICANCER, INC.

**(b)** County of Residence of First Listed Plaintiff: Outside US
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey M. Goehring, Young & Thompson, 209 Madison St., Suite 500, Alexandria, VA 22314, 703-521-2297

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. 1 et seq.

Brief description of cause:
Declaratory judgment of non-infringement, invalidity, and unenforceability of patents

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/27/2011

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeffrey M. Goehring, 233002

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____