Matt Valenti (SBN 253978)
AntiCancer, Inc.
7917 Ostrow Street
San Diego, CA 92111
Tel:  (619) 654-2555
Fax: (619) 268-4175
Email: mattvalenti@anticancer.com

Attorney for Defendant and Counterclaim Plaintiff AntiCancer, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAUNA KEA TECHNOLOGIES, INC., | ) Civil Action No. 11cv1407 AJB JMA |
| Plaintiff, | ) |
| | ) **ANSWER TO COMPLAINT;** |
| | ) **COUNTERCLAIMS AGAINST MAUNA** |
| v. | ) **KEA TECHNOLOGIES; DEMAND FOR** |
| | ) **JURY TRIAL** |
| ANTICANCER, INC., | ) |
| Defendant. | ) |
| ——————————————— | ) |
| ANTICANCER, INC., | ) |
| Counterclaim  Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MAUNA KEA TECHNOLOGIES and DOES 1-10, | ) |
| | ) |
| Counterclaim Defendants. | ) |
| ——————————————— | ) |

1

## ANSWER

In answer to the complaint for Declaratory Judgment filed by Mauna Kea Technologies ("Mauna Kea") Defendant and Counterclaim Plaintiff AntiCancer, Inc. ("AntiCancer"):

1. Admits the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Admits the allegations of paragraph 4.

5. Admits the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

9. Admits the allegations of paragraph 9.

10. Admits the allegations of paragraph 10.

11. Denies the allegations of paragraph 11.

12. Admits that in 2006 AntiCancer's president, Robert M. Hoffman, Ph.D. sent a letter to Mauna Kea. Except as so admitted, AntiCancer denies the allegations of paragraph 12.

13. Admits that Dr. Hoffman sent a letter on or around March 22, 2006 to the President of Mauna Kea. Except as so admitted, AntiCancer denies the allegations of paragraph 13.

14. Denies the allegations of paragraph 14.

15. Admits that Dan Lawton sent a letter to Mauna Kea on or around November 22, 2010. Except as so admitted AntiCancer denies the allegations of paragraph 15.

16. Admits that on or around December 6, 2010 Mauna Kea filed an action for declaratory judgment against AntiCancer in the U.S. District Court for the Eastern District of Pennsylvania. Except as so admitted, AntiCancer denies the allegations of paragraph 16.

2

17.     Admits the allegations of paragraph 17.

18.     Admits the allegations of paragraph 18.

19.     Admits that Mauna Kea realleges and reincorporates the allegations of the preceding paragraphs.

20.     Denies the allegations of paragraph 20.

21.     Denies the allegations of paragraph 21.

22.     Denies the allegations of paragraph 22.

23.     Denies the allegations of paragraph 23.

24.     Denies the allegations of paragraph 24.

25.     Denies the allegations of paragraph 25.

26.     Denies the allegations of paragraph 26.

27.     Admits that Mauna Kea realleges and reincorporates the allegations of the preceding paragraphs.

28.     Denies the allegations of paragraph 28.

29.     Denies the allegations of paragraph 29.

30.     Denies the allegations of paragraph 30.

31.     Denies the allegations of paragraph 31.

32.     Admits that Mauna Kea realleges and reincorporates the allegations of the preceding paragraphs.

33.     Denies the allegations of paragraph 33.

34.     Denies the allegations of paragraph 34.

//

//

3

**AFFIRMATIVE DEFENSES**

In further answer to the claims of Mauna Kea, AntiCancer alleges the following:

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

35.     Mauna Kea's claims fail to state any claim on which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

36.     Mauna Kea, by its misconduct, is barred by its unclean hands from all legal and equitable relief requested by its claims against AntiCancer.

THIRD AFFIRMATIVE DEFENSE

(Laches)

37.     Mauna Kea is not entitled to any recovery from AntiCancer because Mauna Kea's undue delay bars its action according to the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

38.     Mauna Kea is not entitled to any recovery against AntiCancer because Mauna Kea, by its own conduct, is estopped from asserting any claims against AntiCancer.

RESERVATION OF RIGHTS

39.     AntiCancer currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available.  AntiCancer reserves the right to assert additional affirmative defenses in the event discovery or clarification of the claims indicates that it would be appropriate.

/ /

/ /

**COUNTERCLAIMS**

AntiCancer, Inc., by and through its counsel, alleges for its Counterclaim against Mauna Kea Technologies and Does 1-10, inclusive as follows:

JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § § 1331, 1332(a)(1), 1338(a), and 2201.

2.  Venue is proper in this judicial district under pertinent law, including, *inter alia*, 28 U.S.C. §§ 1391 and 1400.

THE PARTIES

3.  Counterclaim Plaintiff AntiCancer, Inc. ("AntiCancer") is a corporation organized and existing under the laws of the State of California and having as its principal place of business San Diego, California.  AntiCancer has developed patented experimental mouse models and imaging techniques used by cancer researchers to test new anti-cancer drugs, among other applications. AntiCancer licenses this (and other) technology to both large and small research organizations, including several major pharmaceutical companies.

4.  Counterclaim Defendant Mauna Kea Technologies ("Mauna Kea") is a corporation organized and existing under the laws of France, with its principal place of business at 9 Rue d'Enghien, 75010 Paris, France.  Mauna Kea has a U.S. subsidiary named Mauna Kea Technologies, Inc. located at 660 Newtown-Yardley Road, Suite 107, Newtown, Pennsylvania.   Mauna Kea manufactures and sells imaging devices to researchers worldwide, including in the United States. These devices are designed to image fluorescent proteins in live animals, and are advertised by Mauna Kea as such.

5.  With these devices, Mauna Kea has performed the methods of AntiCancer's United States Patent Nos. 6,649,159 (the "'159 Patent"), 6,759,038  (the "'038" Patent), and 6,251,384 (the

5

"'384" Patent) and has induced its customers to perform and/or contributed to their performance of these methods, including but not limited to, by using Mauna Kea's "CellVizio" imaging device to non-invasively image cells transfected with GFP in living mice.  Among Mauna Kea's customers are Leica Microsystems and Leica Microsystems, Inc., which, under license from Mauna Kea sell the CellVizio as the "FCM1000" under the Leica brand name.

6.     The true names and capacities, whether individual, corporate, associate, representative or otherwise, of DOES 1 through 10, inclusive, are unknown to plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of said defendants when they are ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the defendants named as a Doe, along with the named defendants, is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries herein alleged were legally or proximately caused by said defendants.  Wherever it is alleged that any act or omission was also done or committed by any specifically named defendant, or by defendants generally, plaintiff intends thereby to allege, and does allege, that the same act or omission was also done and committed by each and every defendant named as a Doe, and each named defendant, both separately and in concert or conspiracy with the named defendants.

7.     At all times mentioned herein, defendants, and each of them, were the agents, servants, co-conspirators, or employees of one another, and the acts and omissions herein alleged were done or suffered by them, acting individually and through or by their alleged capacity, within the scope of their authority.  Each of the defendants aided and abetted and rendered substantial assistance in the accomplishment of the acts complained of herein.  In taking the actions, as particularized herein, to aid and abet and substantially assist in the commission of the misconduct complained of, each defendant acted with an awareness of his, her or its primary wrongdoing and realized that his, her or its conduct would substantially assist in the accomplishment of that misconduct and was aware of his, her or its

6

1   overall contribution to, and furtherance of the conspiracy, common enterprise, and common course of

2   conduct.  Defendants' acts of aiding and abetting included, inter alia, all of the acts each defendant is

3   alleged to have committed in furtherance of the conspiracy, common enterprise, and common course of

4   conduct complained of herein.

5                                   FIRST CLAIM FOR RELIEF

6                                 (Infringement of '159 Patent)

7                                   (Against Mauna Kea)

8        8.     AntiCancer realleges and incorporates by reference as though fully set forth preceding

9
10  paragraphs 1 through 7.

11       9.     United States Patent No. 6,649,159 (the "'159 Patent") was issued by the United States

12  Patent and Trademark Office on November 18, 2003.  A true and correct copy of the '159 Patent is

13  attached hereto as Exhibit "1" and incorporated herein by this reference.

14
15       10.    AntiCancer is the sole owner of all rights, title and interest in and to the '159 Patent.

16       11.    AntiCancer is informed and believes, and on that basis alleges, that Mauna Kea has

17  directly infringed the '159 Patent in violation of 35 U.S.C. §271(a) by, inter alia, using the CellVizio

18  device to perform one or more of the claimed methods of the '159 Patent, within the United States,

19  during the term of the '159 Patent, without AntiCancer's authorization.

20       12.    Mauna Kea has also indirectly infringed the '159 Patent in violation of 35 U.S.C.

21
22  §271(b) by inducing direct infringements of the '159 Patent by third parties, including its customers.

23  In particular, Mauna Kea has sold or provided its CellVizio device to customers or other third parties

24  and has instructed and aided and induced them to perform one or more of the claimed methods of the

25  '159 Patent using the device, within the United States, during the term of the '159 Patent, without

26  AntiCancer's authorization.  AntiCancer is informed and believes, and on that basis alleges that,

27
28  Mauna Kea had actual knowledge of the '159 Patent and its claimed inventions at least as early as

                                          7
─────────────────────────────────────────────────────
ANSWER TO COMPLAINT; COUNTERCLAIMS AGAINST MAUNA KEA TECHNOLOGIES; DEMAND        11cv1407 AJB JMA
FOR JURY TRIAL

2006, and has known and intended that its customers would directly infringe the '159 Patent by using the CellVizio device in its intended manner and according to Mauna Kea's instructions.

13.     Mauna Kea has also indirectly infringed the '159 Patent in violation of 35 U.S.C. §271(c) by contributing to the direct infringements of the '159 Patent by third parties, including its customers.  In particular, Mauna Kea has imported its CellVizio device into the United States and has sold it to customers for use in practicing the claimed inventions of the '159 Patent, during the term of the '159 Patent, without AntiCancer's authorization, and, upon information and belief, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

14.     By reason of the foregoing, AntiCancer has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

15.     The acts of infringement described above have been willful, deliberate and in reckless disregard of AntiCancer's patent rights.

<u>SECOND CLAIM FOR RELIEF</u>

(Infringement of '038 Patent)

(Against Mauna Kea)

16.     AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 15.

17.     United States Patent No.  6,759,038 (the "'038 Patent") was issued by the United States Patent and Trademark Office on July 6, 2004.  A true and correct copy of the '038 Patent is attached hereto as Exhibit "2" and incorporated herein by this reference.

18.     AntiCancer is the sole owner of all rights, title and interest in and to the '038 Patent.

19.     AntiCancer is informed and believes, and on that basis alleges, that Mauna Kea has directly infringed the '038  Patent in violation of 35 U.S.C. §271(a) by, inter alia, using the  CellVizio

8

device to perform one or more of the claimed methods of the '038 Patent, within the United States, during the term of the '038 Patent, without AntiCancer's authorization.

20.     Mauna Kea has also indirectly infringed the '038 Patent in violation of 35 U.S.C. §271(b) by inducing direct infringements of the '038 Patent by third parties, including its customers. In particular, Mauna Kea has sold or provided its CellVizio device to customers or other third parties and has instructed and aided and induced them to perform one or more of the claimed methods of the '038 Patent using the device, within the United States, during the term of the '038 Patent, without AntiCancer's authorization.  AntiCancer is informed and believes, and on that basis alleges that, Mauna Kea had actual knowledge of the '038 Patent and its claimed inventions at least as early as 2006, and has known and intended that its customers would directly infringe the '038 Patent by using the CellVizio device in its intended manner and according to Mauna Kea's instructions.

21.     Mauna Kea has also indirectly infringed the '038 Patent in violation of 35 U.S.C. §271(c) by contributing to the direct infringements of the '038 Patent by third parties, including its customers.  In particular, Mauna Kea has imported its CellVizio device into the United States and has sold it to customers for use in practicing the claimed inventions of the '038 Patent, during the term of the '038 Patent, without AntiCancer's authorization, and, upon information and belief, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

22.     By reason of the foregoing, AntiCancer has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

23.     The acts of infringement described above have been willful, deliberate and in reckless disregard of AntiCancer's patent rights.

//

//

9

THIRD CLAIM FOR RELIEF

(Infringement of '384 Patent)

(Against Mauna Kea)

24.     AntiCancer realleges and incorporates by reference as though fully set forth preceding paragraphs 1 through 23.

25.     United States Patent No. 6,251,384 (the "'384 Patent") was issued by the United States Patent and Trademark Office on June 26, 2001.  A true and correct copy of the '384 Patent is attached hereto as Exhibit "3" and incorporated herein by this reference.

26.     AntiCancer is the sole owner of all rights, title and interest in and to the '384 Patent.

27.     AntiCancer is informed and believes, and on that basis alleges, that Mauna Kea has directly infringed the '384 Patent in violation of 35 U.S.C. §271(a) by, inter alia, using the CellVizio device to perform one or more of the claimed methods of the '384 Patent, within the United States, during the term of the '038 Patent, without AntiCancer's authorization.

28.     Mauna Kea has also indirectly infringed the '384 Patent in violation of 35 U.S.C. §271(b) by inducing direct infringements of the '384 Patent by third parties, including its customers. In particular, Mauna Kea has sold or provided its CellVizio device to customers or other third parties and has instructed and aided and induced them to perform one or more of the claimed methods of the '384 Patent using the device, within the United States, during the term of the '384 Patent, without AntiCancer's authorization.  AntiCancer is informed and believes, and on that basis alleges that, Mauna Kea had actual knowledge of the '384 Patent and its claimed inventions at least as early as 2006, and has known and intended that its customers would directly infringe the '384 Patent by using the CellVizio device in its intended manner and according to Mauna Kea's instructions.

29.     Mauna Kea has also indirectly infringed the '384 Patent in violation of 35 U.S.C. §271(c) by contributing to the direct infringements of the '384 Patent by third parties, including its

10

ANSWER TO COMPLAINT; COUNTERCLAIMS AGAINST MAUNA KEA TECHNOLOGIES; DEMAND FOR JURY TRIAL          11cv1407 AJB JMA

customers.  In particular, Mauna Kea has imported its CellVizio device into the United States and has sold it to customers for use in practicing the claimed inventions of the '384 Patent, during the term of the '384 Patent, without AntiCancer's authorization, and, upon information and belief, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

30.   By reason of the foregoing, AntiCancer has suffered damages in an amount to be proven at trial and, in addition, has suffered irreparable loss and injury.

31.   The acts of infringement described above have been willful, deliberate and in reckless disregard of AntiCancer's patent rights.

32.   The acts of infringement described above have been willful, deliberate and in reckless disregard of AntiCancer's patent rights.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff AntiCancer prays for relief as follows:

(1)   That Mauna Kea's claims be dismissed;

(2)   That AntiCancer have judgment against Mauna Kea on the claims;

(3)   That all defendants, and each of them, be adjudged to have willfully infringed the '159, '038, and '384 patents under 35 U.S.C. § 271(a), (b) and (c);

(4)   That the Court award AntiCancer damages under 35 U.S.C. § 284 that are adequate to compensate for the infringement/s;

(5)   That the Court deem this to be an exceptional case under 35 U.S.C., and award increased damages and attorney's fees pursuant to 35 U.S.C. §§ 284 and  285;

(6)   That defendants, and each of them, be preliminarily and permanently restrained and enjoined under 35 U.S.C. § 283 from directly or indirectly infringing the '159, '038, and '384 patents;

11

(7)      That the Court assess pre-judgment and post-judgment interest and costs of suit against defendants, and award such interest and costs to AntiCancer; and,

(8)      That AntiCancer have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ANTICANCER, INC.

DATED:        November 23, 2011        By: ___/s/ Matt Valenti_____
                                                        MATT VALENTI
                                                        Attorney for Defendant and Counterclaim Plaintiff
                                                        AntiCancer, Inc.

ANSWER TO COMPLAINT; COUNTERCLAIMS AGAINST MAUNA KEA TECHNOLOGIES; DEMAND FOR JURY TRIAL        11cv1407 AJB JMA

1

## DEMAND FOR TRIAL BY JURY

2

AntiCancer hereby demands a trial by jury as to all issues triable by jury.

3

4

5

ANTICANCER, INC.

6

7  DATED:        November 23, 2011         By: ___/s/ Matt Valenti_____

8                                          MATT VALENTI

   Attorney for Defendant and Counterclaim Plaintiff

9  AntiCancer, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT; COUNTERCLAIMS AGAINST MAUNA KEA TECHNOLOGIES; DEMAND       11cv1407 AJB JMA
FOR JURY TRIAL

## CERTIFICATE OF SERVICE

I hereby certify that, on November 23, 2011, the foregoing document entitled **ANSWER TO COMPLAINT; COUNTERCLAIMS AGAINST MAUNA KEA TECHNOLOGIES; DEMAND FOR JURY TRIAL** was filed via the Case Management/Electronic Case Filing (CM/ECF) system, with service to be made on all parties via the automated generation and e-mailing of a Notice of Electronic Filing (NEF) by the CM/ECF system.


ANTICANCER, INC.


DATED:        November 23, 2011          By:    /s/ *Matt Valenti*
                                         MATT VALENTI
                                         Attorney for Defendant and Counterclaim Plaintiff
                                         AntiCancer, Inc.