YOUNG & THOMPSON
Douglas V. Rigler (pro hac vice)
drigler@young-thompson.com
Jeffrey M. Goehring, 233002
jgoehring@young-thompson.com
209 Madison Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 521-2297
Facsimile: (703) 685-0573

Counsel for Plaintiff / Counterclaim Defendant
Mauna Kea Technologies

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| MAUNA KEA TECHNOLOGIES,<br><br>      Plaintiff,<br> v.<br><br>ANTICANCER, INC.<br><br>      Defendant;<br><br>ANTICANCER, INC.,<br><br>      Counterclaim-Plaintiff,<br> v.<br><br>MAUNA KEA TECHNOLOGIES, and DOES 1-10,<br><br>      Counterclaim-Defendants | Civil Action No. 11-cv-1407 AJB JMA<br><br>REPLY TO OPPOSITION TO MOTION TO DISMISS |

Contrary to AntiCancer's argument in its Opposition, essential elements of AntiCancer's indirect infringement claims cannot be plausibly inferred from the allegations it makes in its Counterclaim.  In particular, AntiCancer does not allege facts that state a plausible case for (1) direct infringement by third parties, which is a necessary predicate to any claim of induced or contributory infringement; (2) how Mauna Kea is alleged to have induced infringement; (3) the way in which Mauna Kea's Cellvizio device is alleged to be especially adapted to infringe; and (4) Mauna Kea's <u>specific intent</u> to induce infringement. As recent decisions of the Supreme Court make clear, AntiCancer cannot simply note that Mauna Kea had actual knowledge of the patents-in-suit and then make conclusory allegations regarding each of these additional elements of its claims.

The plausibility pleading regime introduced by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) requires that AntiCancer identify facts and circumstances that could potentially or plausibly support a finding satisfying each element of its induced infringement and contributory infringement claims.[1]  This heightened pleading standard serves to rein in abusive patent litigation by requiring particularized allegations of indirect infringement.

---

[1] Court's have noted that the higher standard of pleading does not apply to direct infringement.  *See eg. DR Systems, Inc. v. Avreo, Inc.*, 2011 U.S. Dist. LEXIS 117646 at *6, 2011 WL 4850171 (S.D. Cal. Oct. 12, 2011) ("[B]ecause Form 18 does not address induced infringement or contributory infringement, the heightened pleading standard of *Twombly* and *Iqbal* apply to allegations of induced infringement and contributory infringement.").  It is for this reason that Mauna Kea has not moved to dismiss the direct infringement claims.  It is not, as suggested by AntiCancer, because Mauna Kea admits that the direct infringement claims have some merit.
  As AntiCancer must be aware if it performed even a threshold investigation pursuant to Fed. R. Civ. P. 11, direct infringement is impossible because Mauna Kea is merely a device manufacturer and its sole business is the development and manufacture of its fiber optic microscope, Cellvizio.  Mauna Kea does not conduct research, does not maintain any lab facilities, does not create, keep, or perform surgery on transgenic animals, and does not use Cellvizio to practice imaging techniques on transgenic animals.

**REPLY** 2 11-cv-1407 AJB JMA

Strict adherence to the requirements will reduce the number of nuisance-value patent infringement suits such as this, and address the problems that cause the patent system to inhibit, rather than promote, progress in science and the useful arts.

I. **AntiCancer's Counterclaim Does Not Include Sufficient Allegations Of Direct Infringement By Leica Or Any Other Third Party**

Third party direct infringement is a prerequisite to indirect infringement. *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003); *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002) ("It is well settled that there can be no inducement of infringement without direct infringement by some party."); *Aro Mfg. Co. v. Convertible Top Replacement Co.* ("Aro I"), 365 U.S. 336, 341 (1961) ("[T]here can be no contributory infringement in the absence of a direct infringement.").  AntiCancer must make out a plausible case that there has been direct infringement. *Bender v. Motorola, Inc.*, 2010 U.S. Dist. LEXIS 26076 at *9, 2010 WL 726739 at *4 (N.D. Cal. Feb. 26, 2010); *see also DSU Medical Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1303 (2006) ("the patentee always has the burden to show direct infringement for each instance of indirect infringement"); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or contributory infringement is dependent upon the existence of direct infringement.").

Regarding direct infringement, AntiCancer alleges only that Mauna Kea's customers have infringed "by using Mauna Kea"s 'CellVizio' imaging device to noninvasively image cells transfected with GFP in living mice."  Counterclaim ¶ 5, Opposition p. 6.  No specific customers are named and no specific instances of infringing uses are identified.

Moreover, using Cellvizio to "noninvasively image cells transfected with GFP in living mice" as alleged by AntiCancer does not constitute infringement because this is not what the alleged claims claim.  The claims are much narrower, limited to specific types of

tissue, and/or specific types of imaging, and/or animals prepared in very specific ways. AntiCancer's allegation is nothing more than the conclusory statement that some unknown and unidentified customer of Mauna Kea infringes in some unspecified manner its method claims using Cellvizio.  AntiCancer concedes that it is not actually aware of any third party direct infringement because it sues "Does 1-10" in its Counterclaim in the speculative hope that it can identify a direct infringer at some future date.

AntiCancer alleges that Leica Microsystems is a "customer" of Mauna Kea, but alleges only that Leica <u>sells</u> the Cellvizio instrument under a separate brand name, the Leica FCM1000.  AntiCancer's allegation that Leica is a distributor of the instrument is not an allegation that Leica is third party direct infringer <u>that uses</u> the instrument to practice the claimed imaging techniques.  Accordingly, although Leica is specifically identified, it is not adequately alleged to be a direct infringer.

Since AntiCancer has failed to sufficiently plead third party direct infringement, its indirect infringement claims against Mauna Kea must fail.  *Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2011 U.S. Dist. LEXIS 129275, at *12-13 (N.D. Cal. Nov. 7, 2011); *Bender*, LEXIS 26076 at *9 (finding allegations of indirect claims insufficient because allegations of direct claims were insufficient).

II.     **AntiCancer Makes Only Conclusory Allegations Regarding *How* Mauna Kea Induced or Contributed to Infringement**

AntiCancer does not allege sufficient facts concerning *how* Mauna Kea allegedly induced or contributed to the direct infringement by end users of Cellvizio.  AntiCancer alleges only that Mauna Kea has "instructed and aided and induced" its customers to perform the claimed methods.  Counterclaim ¶ 12, Opposition p6.  No further details underlying this allegation are alleged.  Accordingly, the allegation is entirely conclusory and supplies no facts or actions upon which inducement could be based.  For example, AntiCancer does not

point to any advertisement, promotional material, instruction manual, website, customer service, product support, or any other actions regarding Cellvizio that Mauna Kea took that could plausibly constitute the means by which Mauna Kea induced a third party end user to use Cellvizio to carry out each element of the asserted method claims.

AntiCancer's conclusory allegations are insufficient to state a claim for induced infringement under *Twombly*'s and *Iqbal*'s heightened pleading standard. *DR Sys. v. Avreo, Inc.*, 2011 U.S. Dist. LEXIS 117646 at *12 (S.D. Cal. Oct. 11, 2011) (dismissing induced infringement claim for failure to allege facts concerning how defendant induced); *Halton Co. v. Streivor, Inc.*, 2010 U.S. Dist. LEXIS 50649 at *6, 2010 WL 2077203 (N.D. Cal. May 21, 2010) (noting that there are "there are insufficient facts supporting a plausible inference of active inducement"); Sharafabadi *v. Univ. of Idaho*, 2009 U.S. Dist. LEXIS 110904 at *14, 2009 WL 4432367 at *5 (W.D. Wash. Nov. 27, 2009) (dismissing induced and contributory infringement claims for failure to allege sufficient facts regarding how defendant induced or contributed to infringement).

### III.     AntiCancer Has Not Identified How Cellvizio Is "Especially Made or Adapted" For Infringement of the Asserted Claims

AntiCancer does not identify how Cellvizio is "especially made or adapted" for contributory infringement as required by 35 U.S.C. 271(c).  AntiCancer alleges only that Cellvizio is "designed to image fluorescent proteins in live animals, and are advertised by Mauna Kea as such."  Counterclaim ¶¶ 13, 21, and 29; Opposition p7-8.  This does not plausible plead that Cellvizio is "especially made or especially adapted for use in an infringement of [the asserted] patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use" as required for contributory infringement under 35 U.S.C. 271(c) because "imaging fluorescent proteins in live animals" is not what the asserted claims claim.  *See Discflo Corp. v. Am. Process Equip., Inc.*, 2011 U.S. Dist. LEXIS 149424, at *10-

11 (S.D. Cal. Dec. 29, 2011) (dismissing contributory infringement claims of inadequately pleading how a device is alleged to be "especially made or adapted" to be used by a third party infringe.

     Virtually any confocal fluorescent microscope could image fluorescent proteins in live animals. But, the alleged claims cover only very specific imaging circumstances and techniques that fall within the generic rubric of "imaging fluorescent proteins in live animals". For example, all claims of the 6,251,384 and 6,759,038 patents are limited to observing the progression of metastasis of cancer. AntiCancer does not allege that Cellvizio is especially made and adapted to observe the progression of metastasis. And it would be absurd for AntiCancer to do so because Cellvizio is a general purpose imaging device that can be used to image all manner of biological processes, not limited to the claimed progression of metastasis.

     Also, all claims of the 6,649,159 patent are limited to imaging via a technique of "whole-body external fluorescent imaging." AntiCancer does not allege that Cellvizio is especially made and adapted for imaging fluorescent proteins in live animals via "whole-body external fluorescent imaging" as required by the claims. And it would be absurd to do so because Cellvizio has a microscopic field of view, capable of viewing only a number of cells at any one time, and not capable of "whole-body external" imaging.

## IV.   AntiCancer Fails To Adequately Allege Specific Intent To Induce

     The Counterclaim does not assert "specific intent" to induce. AntiCancer essentially alleges that Mauna Kea intended to induce infringement because it intended to instruct its customers to "non-invasively image cells transfected with GFP in living mice." Counterclaim ¶¶ 5 & 12; Opposition p6. However, as noted above, this is not what the claims claim. An intent to induce general imaging of GFP, without the intent to induce all

1   the other very specific elements of the claims, does not constitute an intent to induce

2   infringement of the claims.

3   　　　Also as noted above, AntiCancer does not allege any specific culpable conduct

4   (advertisements, manuals, etc.) from which an inference of specific intent could plausibly be

5   drawn.  *See DSU Med.*, 471 F.3d at 1306 (requiring culpable conduct); *see also Discflo Corp.*

6   *v. Am. Process Equip., Inc.*, 2011 U.S. Dist. LEXIS 149424 (S.D. Cal. Dec. 29, 2011)

7   (dismissing claims based on failure to adequately allege specific intent); *Halton*, 2010 U.S.

8   Dist. LEXIS 50649 at *6, (holding that allegations that defendant "intentionally" infringed

9   were insufficient to state claim for indirect infringement).

### V.  Mauna Kea's Motion to Dismiss Does Not Conflict With Its Declaratory Judgment Claim

　　　There is no inherent contradiction in Mauna Kea's declaratory judgment claim and its motion to dismiss for failure to state a claim.  AntiCancer forced Mauna Kea to file a declaratory judgment action by repeatedly, over a long period of time, asserting in various correspondence that Mauna Kea's activity is covered by AntiCancer's patents.  Although Mauna Kea has always believed that this is not the case, and that AntiCancer could not make out a claim for infringement, much less prove infringement, AntiCancer's assertions and accusations created an actual case or controversy from which Mauna Kea has a right to be free.  Mauna Kea is not required to conduct its business under the cloud of an ever present threat of a lawsuit – however meritless that lawsuit may be.  As found by the Court in its Order of November 9, 2011, it is AntiCancer's actions - its accusations of infringement, request to take a license, and pointed inquiries as to Mauna Kea's activities - that give rise to Mauna Kea's right to maintain a declaratory judgment actions.

　　　When a party is accused of legal wrongdoing, even where such accusations are outrageously meritless and incorrect, as here, it has the right to file a declaratory judgment

action. Accordingly, there is no inherent contradiction between Mauna Kea's request for a declaration that it has not induced or contributed to infringement and its Motion to Dismiss AntiCancer's inducement and contributory infringement claims for failure to state a claim. The standards for whether there is a case or controversy regarding these claims, and whether a patentee has adequately pleaded such claims, are entirely separate, based on separate factual and procedural concerns.

January 25, 2012

                        YOUNG & THOMPSON

            By:   /s/Jeffrey M. Goehring
                  Jeffrey M. Goehring

            Counsel for Plaintiff / Counterclaim Defendant
            Mauna Kea Technologies

### CERTIFICATE OF SERVICE

The undersigned certifies that the within was served by the Court's ECF system upon the below listed counsel of record this 25th day of January, 2012.

Matthew D. Valenti
Anticancer, Inc.
7917 Ostrow Street
San Diego, CA 92111

Counsel for Defendant / Counterclaim Plaintiff
Anticancer, Inc.

            By:   /s/Jeffrey M. Goehring
                  Jeffrey M. Goehring